**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Gregory Clarence Mason, ) | |
| ) | |
| Petitioner, ) | CIV 11-01337 PHX JAT (MEA) |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| Charles L. Ryan, Arizona Attorney ) | |
| General, ) | |
| ) | |
| Respondents. ) | |
| ) | |
| _____ ) | |

TO THE HONORABLE JAMES A. TEILBORG:

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 6, 2011. Respondents filed an answer to the petition on September 12, 2011. See Doc. 7.

### I Procedural History

A Maricopa County grand jury indictment issued June 29, 2006, charged Petitioner with six counts of furnishing obscene or harmful items to minors (alleging Petitioner showed pictures of a naked man to six different victims at the same time); one count of public display of explicit sexual materials; one count of possession or use of marijuana; and nine counts of sexual exploitation of a minor (relating to pornographic images found on Petitioner's personal computer). See Answer, Exh. A.

1     Petitioner was represented by appointed counsel during
2  his pretrial proceedings. During a pre-trial settlement
3  conference conducted December 15, 2006, before a Superior Court
4  Commissioner, the Commissioner engaged Petitioner in a colloquy
5  regarding the charges against him and a plea agreement offered
6  by the state. The Commissioner explained that, if Petitioner
7  proceeded to trial and was convicted of all of the charges he
8  faced a presumptive sentence of 170 years imprisonment, because
9  Arizona's laws required consecutive mandatory sentences on each
10 count of conviction. Id., Exh. B at 5-6. At the hearing the
11 Commissioner explained to Petitioner the state's plea offer,
12 which required Petitioner to plead guilty to one count of sexual
13 exploitation of a minor, the existence of aggravating factors,
14 and two counts of attempted sexual exploitation of a minor. The
15 Commissioner explained the plea agreement provided Petitioner
16 would receive an aggravated term of 24 years imprisonment and
17 lifetime probation. Id., Exh. B at 7.

18     Petitioner stated he understood that if he went to
19 trial and was convicted, he would be effectively sentenced to a
20 term of life in prison because he was then 45 years old.
21 Petitioner stated he understood the plea agreement provided for
22 a sentence of 24 years imprisonment.

23     At the hearing Petitioner admitted he had told a
24 detective investigating the case that he would probably continue
25 to "do this until he got caught" and that Petitioner "wanted to
26 get caught." Id., Exh. B at 13. At the hearing the prosecutor
27 noted that Petitioner had previously served a 15-year sentence

28                                  -2-

for conviction on a charge of attempted child molestation and that Petitioner was released from incarceration in 2000 or 2001. Id., Exh. B at 13-14.

The Commissioner explained that, even if Petitioner were not found guilty on the child pornography charges, Petitioner faced a lengthy sentence if found guilty of the charges of providing obscene material to minors. Id., Exh. B at 15-16. Petitioner stated that he believed he was an exhibitionist and not a pedophile and that he was ashamed of his behavior. Id., Exh. B at 17-18. Petitioner admitted that he had at least one picture of child pornography on his home computer, but claimed that he did not know how a the other images of child pornography described in the charges had been downloaded to his computer. Id., Exh. B at 18.

The Commissioner explained to Petitioner that, before the court could accept a guilty plea, Petitioner was required to make a truthful admission regarding the underlying factual basis for the plea and, if he could not, the court would not accept a guilty plea. Id., Exh. B at 19. The prosecutor noted that Petitioner's counsel had thoroughly interviewed a forensic computer expert with regard to the likelihood Petitioner could, if he went to trial, establish that someone other than Petitioner had downloaded the pornographic images to Petitioner's computer. Id., Exh. B at 19-20.

The hearing then adjourned so that Petitioner could confer with his counsel and determine whether he was prepared to accept the plea agreement or go to trial. Id., Exh. B at 20-21.

After conferring privately with his counsel, Petitioner then accepted the plea agreement and pled guilty to one count of sexual exploitation of a minor and entered a no contest plea regarding two counts of attempted sexual exploitation of a minor. Id., Exh. B at 22. At that time Petitioner averred in open court that: (1) he understood the plea agreement; (2) the plea agreement had been fully explained to him; (3) his guilty plea was not coerced, nor was it the result of a threat of force or harm; and (4) he understood the sentencing terms provided in the plea agreement. Id., Exh. B at 22-24. The state court thereafter found that Petitioner's plea was knowingly, intelligently, and voluntarily made and that Petitioner had provided a sufficient factual basis for the pleas. Id., Exh. B at 31.

At some time after entering his guilty plea on December 6, 2006, Petitioner moved to withdraw from the plea agreement. On February 9, 2007, the state trial court denied the request to withdraw, stating that: "[N]o undue influence was used and [Petitioner's] plea was knowingly, intelligently, and voluntarily made. The plea was accepted and the Court does not find any manifest injustice that would allow [Petitioner] to withdraw from the plea." Id., Exh. E.[1]

On February 13, 2007, Petitioner was sentenced to a term of 24 years imprisonment pursuant to his guilty plea to Count 13 (sexual exploitation of a minor) of the indictment. At

---

[1] This opinion was issued by Superior Court Judge Sanders, reviewing the plea colloquy conducted by Commissioner Peterson.

that time the state court suspended the imposition of sentence as to Counts 10 and 11 (attempted sexual exploitation of a minor), and placed Petitioner on lifetime probation on those counts. Id., Exh. C.

On April 11, 2007, Petitioner initiated an action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id., Exh. F1. Petitioner was appointed counsel to represent him and in his Rule 32 action. Counsel informed the Court he could find no meritorious claims to raise on Petitioner's behalf on January 29, 2008. Id., Exh. F2.

In his pro se Rule 32 petition, Petitioner alleged: (1) his employment time records constituted newly discovered evidence of innocence; (2) defense counsel rendered ineffective assistance by failing to: (i) obtain Petitioner's work time sheets; and (ii) secure a computer exert to examine "backdoor Trojans" on Petitioner's computer; (3) his plea was involuntary as a result of coercion from jail conditions and the statements of the judge; and (4) the factual basis he provided was insufficient to sustain his guilty and no contest pleas. Id., Exh. E. Petitioner asserted that the evidence that he could not have downloaded "some images" would "cause most reasonable people to doubt my guilt regarding the rest of the listed images." Id., Exh. E.

On November 21, 2008, the state trial court summarily dismissed the petition for post-conviction relief finding that Petitioner "failed to show any colorable claim for relief." Id., Exh. G. Petitioner sought review of this decision by the

-5-

Arizona Court of Appeals, which denied review on August 25, 2010. Id., Exh. H.

Petitioner asserts he is entitled to federal habeas relief because:

1. He has obtained newly discovered evidence warranting relief (Ground One);

2. He was denied his right to the effective assistance of counsel during plea proceedings (Ground Two);

3. The factual basis Petitioner provided for his guilty plea was insufficient to sustain his guilty and no contest pleas (Ground Three);

4. Petitioner's pleas were coerced, in violation of his right to due process of law (Ground Four).

**II Analysis**

**A. Exhaustion and procedural default**

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose

1 v.Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).[2]

2     The Ninth Circuit Court of Appeals has concluded that,
3 in non-capital cases arising in Arizona, the "highest court"
4 test of the exhaustion requirement is satisfied if the habeas
5 petitioner presented his claim to the Arizona Court of Appeals,
6 either on direct appeal or in a petition for post-conviction
7 relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir.
8 1999). See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932
9 (D. Ariz. 2007).

10     To satisfy the "fair presentment" prong of the
11 exhaustion requirement, the petitioner must present "both the
12 operative facts and the legal principles that control each claim
13 to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327
14 (7th Cir. 2001). See also Kelly v. Small, 315 F.3d 1063, 1066
15 (9th Cir. 2003). In Baldwin v. Reese, the Supreme Court
16 reiterated that the purpose of exhaustion is to give the states
17 the opportunity to pass upon and correct alleged constitutional
18 errors. See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004).
19 Therefore, if the petitioner did not present the federal habeas
20 claim to the state court as asserting the violation of a
21 specific federal constitutional right, as opposed to violation
22 of a state law or a state procedural rule, the federal habeas
23 claim was not "fairly presented" to the state court. See, e.g.,

24 _____

25     [2] Prior to 1996, the federal courts were required to dismiss
a habeas petition which included unexhausted claims for federal habeas
relief. However, section 2254 now states: "An application for a writ
26 of habeas corpus may be denied on the merits, notwithstanding the
failure of the applicant to exhaust the remedies available in the
27 courts of the State." 28 U.S.C. § 2254(b)(2) (1994 & Supp. 2010).

28

<u>id.</u>, 541 U.S. at 33, 124 S. Ct. at 1351.[3]

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2010). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. <u>See</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006). If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim. <u>See</u>, <u>e.g.</u>, <u>id.</u>, 548 U.S. at 92, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. <u>See</u> <u>Castille</u>, 489 U.S. at 351-52, 109 S. Ct. at 1060. Procedural

---

[3] A petitioner must present to the state courts the "substantial equivalent" of the claim presented in federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 278, 92 S. Ct. 509, 513-14 (1971); <u>Libberton v. Ryan</u>, 583 F.3d 1147, 1164 (9th Cir. 2009). Full and fair presentation requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief. <u>See</u> <u>Scott v. Schriro</u>, 567 F.3d 573, 582 (9th Cir. 2009); <u>Lopez v. Schriro</u>, 491 F.3d 1029, 1040 (9th Cir. 2007). Although a habeas petitioner need not recite "book and verse on the federal constitution" to fairly present a claim to the state courts, <u>Picard</u>, 404 U.S. at 277-78, 92 S. Ct. at 512-13, they must do more than present the facts necessary to support the federal claim. <u>See</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982).

-8-

default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona Court of Appeals in his direct appeal. See Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002). See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); Ortiz v. Stewart, 149 F.3d 923,

931-32 (9th Cir. 1998).

**B. Cause and prejudice**

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules. See Moorman v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005); Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1595 (1982). See also Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998).

Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default. See Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986). Additionally, allegedly ineffective assistance of appellate counsel does not establish cause for the failure to properly exhaust a habeas claim in the state courts unless the specific

Sixth Amendment claim providing the basis for cause was itself properly exhausted. See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); Coleman, 501 U.S. at 755, 111 S. Ct. at 2567; Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004).

To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire trial with constitutional violations. See Vickers, 144 F.3d at 617; Correll, 137 F.3d at 1415-16. Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224 F.3d 1129, 1135-36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

## C. Fundamental miscarriage of justice

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. See Dretke v. Haley, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478,

-11-

485-86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief). To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty of the offenses charged. See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001).

Petitioner presented the same issues raised in his habeas petition in his state Rule 32 action; however, with the exception of his ineffective assistance of counsel claim, Petitioner did not clearly present any claim as a violation of his federal constitutional rights. In his state Rule 32 brief Petitioner did not use the term "due process," cite to any federal case or state case applying federal law, or otherwise discuss his federal constitutional rights. Petitioner makes reference to the "Sixth, Fifth, and Fourteenth Amendments" once in his entire 31-page brief in his state action for post-conviction relief. See Answer, Exh. F1 at 6. Petitioner asserts that his guilty plea was coerced and that his plea proceedings were fundamentally unfair but never discusses his federal constitutional rights to due process and a fair trial in these discussions. Accordingly, with the exception of his Sixth

Amendment ineffective assistance of counsel claims, Petitioner has technically exhausted but procedurally defaulted any assertion that any of his other federal constitutional rights were violated in his state criminal proceedings. Neither has Petitioner shown cause for, nor prejudice arising from his procedural default of his claims. Therefore, habeas relief may not be granted on those claims.

**D. Petitioner asserts he was denied his right to the effective assistance of counsel**

Petitioner arguably exhausted in the state courts a claim that he was denied his Sixth Amendment right to the effective assistance of counsel. The state court summarily denied Petitioner's claim that he was denied this right.

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law, or the state court decision was an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d) (1994 & Supp. 2010); Carey v. Musladin, 549 U.S. 70, 75, 127 S. Ct. 649, 653 (2006); Musladin v. Lamarque, 555 F.3d 834, 838 (9th Cir. 2009). Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a

factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); Miller-El v. Dretke, 545 U.S. 231, 240-41, 125 S. Ct. 2317, 2325 (2005); Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003); Crittenden v. Ayers, 624 F.3d 943, 950 (9th Cir. 2010); Stenson v. Lambert, 504 F.3d 873, 881 (9th Cir. 2007); Anderson v. Terhune, 467 F.3d 1208, 1212 (9th Cir. 2006).

> A state court decision is contrary to clearly established federal law if it arrives at a conclusion of law opposite to that of the Supreme Court or reaches a result different from the Supreme Court on materially indistinguishable facts. Taylor v. Lewis, 460 F.3d 1093, 1097 n.4 (9th Cir. 2006). A state court decision involves an unreasonable application of clearly established federal law if it correctly identifies a governing rule but applies it to a new set of facts in a way that is objectively unreasonable, or if it extends, or fails to extend, a clearly established legal principle to a new set of facts in a way that is objectively unreasonable. Id. An unreasonable application of federal law is different from an incorrect application of federal law. Id.

McNeal v. Adams, 623 F.3d 1283, 1287-88 (9th Cir. 2010), cert. denied, 131 S. Ct. 3066 (2011). See also Howard v. Clark, 608 F.3d 563, 567-68 (9th Cir. 2010).

For example, a state court's decision is considered contrary to federal law if the state court erroneously applied the wrong standard of review or an incorrect test to a claim. See Knowles v. Mirzayance, 129 S. Ct. 1411, 1419 (2009); Wright v. Van Patten, 552 U.S. 120, 124-25, 128 S. Ct. 743, 746-47 (2008); Norris v. Morgan, 622 F.3d 1276, 1288 (9th Cir. 2010),

-14-

cert. denied, 131 S. Ct. 1557 (2011). See also Frantz v. Hazey, 533 F.3d 724, 737 (9th Cir. 2008); Bledsoe v. Bruce, 569 F.3d 1223, 1233 (10th Cir. 2009).

The state court's determination of a habeas claim may be set aside under the unreasonable application prong if, under clearly established federal law, the state court was "unreasonable in refusing to extend [a] governing legal principle to a context in which the principle should have controlled." Ramdass v. Angelone, 530 U.S. 156, 166, 120 S. Ct. 2113, 2120 (2000). See also Cheney v. Washington, 614 F.3d 987, 994 (9th Cir. 2010); Cook v. Schriro, 538 F.3d 1000, 1015 (9th Cir. 2008). However, the state court's decision is an unreasonable application of clearly established federal law only if it can be considered objectively unreasonable. See, e.g., Renico v. Lett, 130 S. Ct. 1855, 1862 (2010). An unreasonable application of law is different from an incorrect one. See Renico, 130 S. Ct. at 1862; Cooks v. Newland, 395 F.3d 1077, 1080 (9th Cir. 2005).[4]

> A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of the state court's decision. Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S. Ct. 2140, [] (2004). And as this Court has explained, "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes

---

[4] "That test is an objective one and does not permit a court to grant relief simply because the state court might have incorrectly applied federal law to the facts of a certain case." Adamson v. Cathel, 633 F.3d 248, 255-56 (3d Cir. 2011).

-15-

> in case-by-case determinations." <u>Ibid.</u> "[I]t
> is not an unreasonable application of clearly
> established Federal law for a state court to
> decline to apply a specific legal rule that
> has not been squarely established by this
> Court." <u>Knowles v. Mirzayance</u>, [] 129 S.Ct.
> 1411, 1413-14, [] (2009) (internal quotation
> marks omitted).

<u>Harrington v. Richter</u>, 131 S. Ct. 770, 786 (2011).

Additionally, the United States Supreme Court recently held that, with regard to claims adjudicated on the merits in the state courts, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." <u>Cullen v. Pinholster</u>, 131 S.Ct. 1388, 1398 (2011).

If the Court determines that the state court's decision was an objectively unreasonable application of clearly established United States Supreme Court precedent, the Court must review whether Petitioner's constitutional rights were violated, i.e., the state's ultimate denial of relief, without the deference to the state court's decision that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") otherwise requires. <u>See</u> <u>Panetti v. Quarterman</u>, 551 U.S. 930, 953-54, 127 S. Ct. 2842, 2858-59 (2007); <u>Greenway v. Schriro</u>, 653 F.3d 790, 805 (9th Cir. 2011); <u>Norris</u>, 622 F.3d at 1286; <u>Howard</u>, 608 F.3d at 568.

> The "clearly established Federal law, as
> determined by the Supreme Court of the United
> States" at issue in this case is the test for
> ineffective assistance of counsel claims set
> forth in <u>Strickland v. Washington</u>, 466 U.S.
> 668, 104 S. Ct. 2052, [] (1984), and in <u>Hill
> v. Lockhart</u>, 474 U.S. 52, 106 S. Ct. 366, []

-16-

(1985). Under <u>Strickland</u>, to establish a claim of ineffective assistance of counsel, the petitioner must show (1) grossly deficient performance by his counsel, and (2) resultant prejudice. 466 U.S. at 687, 104 S. Ct. 2052. In <u>Hill</u>, the Supreme Court adapted the two-part <u>Strickland</u> standard to challenges to guilty pleas based on ineffective assistance of counsel, holding that a defendant seeking to challenge the validity of his guilty plea on the ground of ineffective assistance of counsel must show that (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 57-59, 106 S. Ct. 366.

<u>Womack v. Del Papa</u>, 497 F.3d 998, 1002 (9th Cir. 2007).

To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range' of reasonable professional assistance. The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

<u>Premo v. Moore</u>, 131 S. Ct. 733, 739 (2011) (internal citations and quotations omitted), <u>citing</u> <u>Harrington</u>, 131 S. Ct. at 788 ("The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom."). Counsel's performance is not deficient nor prejudicial when counsel "fails" to raise an argument that counsel reasonably believes would be futile. <u>See</u> <u>Premo</u>, 131 S. Ct. at 741; <u>Harrington</u>, 131 S. Ct. at 788.

-17-

Furthermore, to succeed on a claim that his counsel was constitutionally ineffective regarding a guilty plea, a petitioner must show that his counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys. See, e.g., Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366, 369 (1985). Although the Court may proceed directly to the prejudice prong when undertaking the Strickland analysis, the Court may not assume prejudice solely from counsel's allegedly deficient performance. See Jackson v. Calderon, 211 F.3d 1148, 1155 n.3 (9th Cir. 2000).

Petitioner has not established that his counsel's performance was deficient, or that any alleged deficiency prejudiced Petitioner. The plea agreement was beneficial to Petitioner and Petitioner indicated both in the written plea agreement and at the plea colloquy that he understood the terms of the plea agreement and was pleading guilty voluntarily and knowingly. Petitioner has not demonstrated that, but for counsel's advice with regard to the plea agreement, Petitioner would have chosen to go forward to trial on all of the counts charged in the indictment. Nowhere in his pleadings does Petitioner contend that he could not be found guilty of the other charges stated in the indictment and Petitioner fully understood that, if convicted of the other charges in the indictment and not the pornography charges, Petitioner faced a lengthy sentence.

Petitioner's bald assertion that he may have received a more favorable plea offer had his counsel more adequately

articulated a defense strategy and performed a more thorough pre-trial investigation is insufficient to carry his burden of establishing deficient performance. Petitioner's conjecture that hypothetical expert testimony or time records may have "forced the State to re-examine its own case" and would result in a more favorable plea offer is simply insufficient to establish deficient performance.

### III Conclusion

With the exception of his ineffective assistance of counsel claim, Petitioner failed to exhaust his federal habeas claims in the Arizona state courts as claims asserting the denial of a federal constitutional right. Petitioner has not shown cause for nor prejudice arising from his default of his claims, or that a fundamental miscarriage of justice will occur absent consideration of the merits of the claims. Additionally, the state court's decision that Petitioner was not denied the effective assistance of counsel was not clearly contrary to nor an unreasonable application of federal law.

**IT IS THEREFORE RECOMMENDED** that Mr. Mason's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district

court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a

constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 25th day of October, 2011.

_____
Mark E. Aspey
United States Magistrate Judge